UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | PRELIMINARY ORDER OF FORFEITURE |
| - against - | 20-CR-239 (S-3) (JMA) |
| QUENTIN DELVALLE, | |
| Defendant. | |

- - - - - - - - - - - - - - - - X

FILED
CLERK
2:03 pm, Dec 28, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

WHEREAS, on or about October 18, 2021, Quentin Delvalle (the "defendant"), entered a plea of guilty to a lesser-included offense charged in Count Two of the above-captioned Indictment, charging a violation of 21 U.S.C. § 846; and

WHEREAS, pursuant to 18 U.S.C. § 924(d)(1), 21 U.S.C. § 853(a) and 28 U.S.C. § 2461(c), the defendant has consented to the entry of a forfeiture money judgment in the amount of one thousand dollars and zero cents ($1,000.00) (the "Forfeiture Money Judgment"), in addition to the forfeiture of all right, title, and interest to the United States in the following assets, (items (i) through (xxiv), collectively the "Seized Assets"):

(i) one white 2018 Volvo S90 bearing Vehicle Identification Number ("VIN") LVYBC0AL6JP027634, seized by law enforcement on or about June 25, 2020, in Vernon, Connecticut;

(ii) one gray 2020 Hyundai Sonata bearing VIN 5NPEH4J27LH005502, seized by law enforcement on or about June 25, 2020, in Fairfield, New Jersey;

(i) one black 2015 Subaru Outback bearing VIN 4S4BSALC8F3320457, seized by law enforcement on or about June 25, 2020, in Portland, Maine;

(ii) one 2014 Kia Cadenza bearing VIN KNALN4D77E5152930, seized by law enforcement on or about November 21, 2017, in New York, New York;

(iii) one rose gold diamond encrusted chain link necklace, seized by law enforcement on or about June 25, 2020, from an apartment in Rahway, New Jersey;

(iv) one silver and rose gold Rolex, Oyster Perpetual, Date Just wristwatch, seized by law enforcement on or about June 25, 2020, from a Mercedes E300 sedan in New York, New York;

(v) one gold Rolex, Oyster Perpetual, Day Date wristwatch, seized by law enforcement on or about June 25, 2020, in Fairfield, New Jersey;

(vi) one diamond encrusted Audemars Piguet, Royal Oak, No. 5951 E95125 wristwatch with display case, seized by law enforcement on or about June 25, 2020, from an apartment in Rahway, New Jersey;

(vii) one rose gold Rolex, Oyster Perpetual, Sky-Dweller wristwatch model number 326935 bearing serial number 895CQ545 and display case, seized by law enforcement on or about June 25, 2020, from an apartment in Rahway, New Jersey;

(viii) one 18K Yellow Gold 26" "Tennis" Necklace and One 14K Yellow Gold 2 ¼" Medallion "NJ Devils" Symbol seized by law enforcement on or about June 25, 2020, in Carteret, New Jersey;

(ix) approximately $1,885 in U.S. currency, seized by law enforcement on or about June 25, 2020, in Portland, Maine;

(x) approximately $2,450 in U.S. currency, seized by law enforcement on or about June 25, 2020, in Garland, Maine;

(xi) one Marlin Model 25 .22 caliber rifle, bearing serial number 27410240, seized by law enforcement on or about June 25, 2020, in Garland, Maine;

(xii) one Taurus Model PT99AF 9mm caliber semi-automatic pistol with ammunition magazine, bearing serial number TMA95288D, seized by law enforcement on or about June 25, 2020, in Garland, Maine;

(xiii) one HiPoint JCP .40 caliber semi-automatic pistol with ammunition magazine, bearing serial number X7267662, seized by law enforcement on or about June 25, 2020, in Garland, Maine;

(xiv) twenty-five rounds of Winchester-Western Ammunition seized by law enforcement on or about June 25, 2020, in Garland, Maine;

(xv) twenty-eight rounds of assorted ammunition seized by law enforcement on or about June 25, 2020, in Garland, Maine;

(xvi) thirty-three 9mm caliber ammunition cartridges, seized by law enforcement on or about June 25, 2020, in Garland, Maine;

(xvii) two .22 caliber ammunition magazines, seized by law enforcement on or about June 25, 2020, in Garland, Maine;

(xviii) one nine-millimeter HiPoint Model C9 semi-automatic pistol bearing serial number Pl 335925, seized by law enforcement on or about September 3, 2020, from a white Pontiac G6 in Brooklyn, New York;

(xix) one nine-millimeter semi-automatic pistol bearing serial number BGPX376, seized by law enforcement on or about September 3, 2020, from a white Pontiac G6 in Brooklyn, New York;

(xx) one nine-millimeter MasterPiece Arms pistol bearing serial number F10659, seized by law enforcement on or about September 3, 2020, from a white Pontiac G6 in Brooklyn, New York;

(xxi) one nine-millimeter Ruger American Pistol bearing serial number 860-20048, seized by law enforcement on or about January 6, 2018, in Brooklyn, New York;

(xxii) four rounds of 9mm caliber Winchester-Western Ammunition seized by law enforcement on or about January 6, 2018, in Brooklyn, New York;

(xxiii) one nine-millimeter Taurus International PT709 Slim, bearing serial number TJM48072, seized by law enforcement on or about November 30, 2020, inside of a vehicle recovered at the intersection of New York Avenue and Fulton Street, Brooklyn, New York;

(xxiv) six rounds of 9mm ammunition seized by law enforcement on or about November 30, 2020, inside of a vehicle recovered at the intersection of New York Avenue and Fulton Street, Brooklyn, New York;

(xxv) one nine-millimeter Walther PPL Pistol, bearing serial number K008830, seized by law enforcement on or about August 28, 2020, in Brooklyn, New York; and

(xxvi) four rounds of .380 caliber ammunition seized by law enforcement on or about August 28, 2020, in Brooklyn, New York

as: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of his violation of 21 U.S.C. § 841; (b) any property used, or intended

to be used, in any manner or part, to commit, or to facilitate the commission of, such offense; (c) any firearm or ammunition involved in, or used in a violation of a cimimal law of the United States; and/or (d) substitute assets, pursuant to 21 U.S.C. § 853(p)

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1. Pursuant to 18 U.S.C. § 924(d)(1), 21 U.S.C. §§ 853(a) and 853(p), and 28 U.S.C. § 2461(c) the defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment and all right, title, and interest in the Seized Assets. The forfeiture of the Seized Assets will not be credited towards the Forfeiture Money Judgment.

2. All payments made towards the Forfeiture Money Judgment shall be made by a money order, or certified and/or official bank check, payable to "U.S. Marshals Service" with the criminal docket number noted on the face of the instrument.  The defendant shall cause said payment(s) to be sent by overnight mail delivery to Assistant United States Attorney Brendan G. King, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201.  The Forfeiture Money Judgment shall be paid in full within 30 days in advance of sentencing  (the "Due Date").

3. Upon entry of this Preliminary Order of Forfeiture ("Preliminary Order"), the United States Attorney General or his designee is authorized to seize the Seized Assets, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceedings to comply with statutes governing third-party rights, including giving notice of this Preliminary Order.  To the extent that the Firearm and Ammunition are in the custody of any state or local authority, including but not limited to the Property Clerk Division of the New York City Police Department, and are not subject

to state or local forfeiture proceedings, such state or local authority is hereby directed to make the Firearm and Ammunition available for seizure by federal authorities in accordance with this Order.

4. The United States shall publish notice of this Preliminary Order in accordance with the custom and practice in this district on the government website www.forfeiture.gov, of its intent to dispose of the Seized Assets in such a manner as the Attorney General or his designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Seized Assets as a substitute for published notice as to those persons so notified.

5. Any person, other than the defendant, asserting a legal interest in the Seized Assets may, within thirty (30) days of the final publication of notice or receipt of notice or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Seized Assets, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to the notice of forfeiture of the Seized Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

6. The defendant shall not file a claim or petition seeking remission or contesting the forfeiture of the Seized Assets in any administrative or judicial (civil or criminal) proceeding. The defendant shall not assist any person or entity in the filing of any

claim or petition seeking remission or contesting the forfeiture of the Seized Assets in any administrative or judicial (civil or criminal) forfeiture proceeding. The defendant shall fully assist the government in effectuating the surrender and forfeiture of the Seized Assets to the United States. The defendant shall take whatever steps are necessary to ensure that clear title to the Seized Assets passes to the United States, including, but not limited to, the execution of any and all documents necessary to effectuate the surrender and forfeiture of the Seized Assets to the United States. Further, if any third party files a claim to the Seized Assets, the defendant will assist the government in defending such claims. If the Seized Assets are not forfeited to the United States, the United States may seek to enforce this Preliminary Order against any other assets of the defendant up to the value of the Seized Assets, pursuant to 21 U.S.C. § 853(p). The defendant further agrees that the conditions of 18 U.S.C. § 1963(m)(1)-(5) have been met.

       7.      The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment, information or administrative notice. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of the Seized Assets, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the *Ex Post Facto* clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

8.  Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order shall become final as to the defendant at the time of the defendant's sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction. If no third party files a timely claim, this Preliminary Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the monies and/or properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

9.  The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction. The United States alone shall hold title to the Seized Assets following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

10. The forfeiture of the Seized Assets and entry and payment of the Forfeiture Money Judgment shall not be considered a payment of a fine, penalty, restitution loss amount, or payment of any income taxes that may be due, and shall survive bankruptcy.

11. This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

12. This Preliminary Order shall be binding only upon the Court's "so ordering" of the Order.

13. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

14. The Clerk of the Court is directed to send, by inter-office mail, three (3) certified copies of this executed Order to the United States Attorney's Office, Eastern District of New York, Attn: ProMinds Paralegal Yvette Ramos, 271-A Cadman Plaza East, Brooklyn, New York 11201.

Dated: Central Islip, New York
  December 28, 2023

SO ORDERED:

/s/ JMA
HONORABLE JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK